# MARY K. HAMMEL

*v.*

# HENRY R. BARRETT.

[Heard June 27th, 1910.   Determined July 1st, 1910.]

1. In construing a will the court may entertain extrinsic evidence of the circumstances, situation and surroundings of the testator at the time the will was executed, but not statements made by him touching his meaning and purpose.

2. Where the testator's expressed desire is that his sister shall be looked after by her brother, and that his brother should see that she has a home and is properly provided for and has a decent burial, the will casts upon the brother the duty to see that the sister has these things, it being clear that the residuary estate is devised to the brother in such manner that the duties thus imposed on him are made a charge upon the proceeds received by him.

3. The duty thus imposed upon the brother is discharged in accordance with the testator's wish so long as the sister has a home and is properly provided for and is given a decent burial, but the brother is not directed by the testator to provide these things at his own expense, irrespective of the sister's ability to provide them from her own exertions and estate.

4. It appearing from the evidence that the sister is not at this time enjoying a suitable home, or surrounded by reasonable comforts, the brother is not performing the duty imposed upon him by the will until or unless he sees that she is surrounded by conditions suitable to her age and infirmities.

5. Such duty can be performed by the brother either by supplying to her such additional money as may be necessary to enable her to live with comfort and safety, or by supplying her with adequate security against future want and thus enable her to spend her principal with safety to herself.

6. As the will creates such a charge against the brother in favor of the sister, it is within the power of this court to require security in behalf of the sister for the performance of the duty thus imposed.

----

On bill to charge real estate with the payment of money for the support of complainant.

*Messrs. Carrow & Kraft,* for the complainant.

*Mr. William Harris,* for the defendant.

LEAMING, V. C.

The law of this state appears to be well settled, to the effect that in construing a will this court may entertain extrinsic evidence of the circumstances, situation and surroundings of the testator at the time the will was executed, to the end that the court may be placed as nearly as possible in the position of testator and thus better comprehend the meaning and application of the language used by him; but statements made by the testator touching his meaning and purpose cannot be entertained. That portion of the testimony will, therefore, be excluded from present consideration.

Testator does not specifically direct that any money, except $100, shall be paid to or for the use of his sister. His expressed desire is that she shall be looked after by her brother, and that her brother shall see that she has a home and is properly provided for and has a decent burial. It is entirely plain that the will casts upon the brother the duty to see that the sister has these things, and it is also clear that the residuary estate of testator is devised to the brother in such manner that the duties thus imposed upon him are made a charge upon the property received by him. The question for determination, therefore, is whether the duty thus imposed upon the brother is discharged in accordance with the wish of testator so long as the sister has a home and is properly provided for and is given a decent burial, or is the brother directed by testator to provide these things at his own expense, irrespective of the ability of the sister to provide them from her own exertions and estate. It seems to me entirely clear

that the language used by testator is wholly inadequate to disclose the purpose last suggested. Had testator desired to charge his brother with the primary duty to support his sister at his own expense and to thus relieve his sister from the burden of contributing to her own support and from her own estate or from her own exertion, the language which was adopted in the will could not have been chosen. The evidence is ample to disclose that testator well knew the resources of his sister. He necessarily knew that she might or might not need assistance. Should the former condition arise, it was his purpose that his brother should supply whatever assistance was necessary. The circumstances and surroundings existing at the time the will was made make this reasonably apparent, and the language of the will clearly imports it.

It is also apparent from the evidence that the sister is not at this time enjoying a suitable home or surrounded by reasonable comforts. It may be that ten years ago, when the will was made, she could have lived alone with reasonable safety and comfort in one room, and in that room attended to her own cooking; but it is certain that her present age and condition of health render such a life upon her part at this time improper. The reason she lives in that manner is manifest. Her income is insufficient to enable her to live better, and she appropriately fears to spend any part of the money from which she receives an income. These conditions should no longer exist. Her brother is not performing the duty imposed upon him by the will unless or until he sees that she is surrounded by conditions suitable to her age and infirmities. That duty can be performed by him by either supplying to her such additional money as may be necessary to enable her to live with comfort and safety, or by supplying her with adequate security against future want and thus enable her to spend her principal for her support with entire safety to herself. As the will creates such a charge against the brother in favor of his sister, it is clearly within the power of this court to require security in behalf of the sister for the performance of the duty thus imposed.

I will advise a decree to the effect above stated; but before a decree is made, unless the parties can agree upon an allowance

to be made by the brother to the sister, a further hearing may be had on Monday, July 11th, to determine the amount and character of the security to be given by the brother to secure to the sister adequate support at any time she is unable to support herself.